IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK CHRISTIAN HENDERSON**            **PETITIONER**

**v.**            **NO. 4:23-cv-01005-KGB-PSH**

**DEXTER PAYNE**            **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, petitioner Mark Christian Henderson ("Henderson") challenges his February 1984 Clark County Circuit Court conviction and does so by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that the petition be dismissed without prejudice. He failed to obtain authorization to file his petition from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals"). Until he does so, his petition cannot be considered.

The record reflects that Henderson was convicted of capital felony murder for having killed Steve and Diane Francis. Henderson was sentenced to life in prison without parole.[1] He appealed his conviction. The Arkansas Supreme Court found no reversible error and affirmed the conviction. See Henderson v. State, 284 Ark. 493, 684 S.W.2d 231 (1985). He did not thereafter seek state post-conviction relief by filing a petition pursuant to Arkansas Rule of Criminal Procedure 37.

---

[1] The trial was the second time Henderson was convicted of capital felony murder for having killed Steve and Diane Francis. Henderson had been convicted in May of 1982 for their murders and sentenced to life in prison without parole. He appealed that conviction, and the Arkansas Supreme Court found reversible error and remanded for a new trial. See Henderson v. State, 279 Ark. 435, 652 S.W.2d 16 (1983). The state appellate court found that the state trial court erred in limiting the cross-examination of Jeffery A. Brown, Henderson's admitted accomplice, when the state trial court prevented Henderson's attorney from asking the following question: "What kind of deal are you getting for yourself, Mr. Brown?" See Id., at 652 S.W.2d at 18.

In February of 2021, Henderson challenged his conviction by filing a petition pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See Henderson v. Payne, No. 4:21-cv-00096-KGB. He raised two claims in the petition. First, the state trial court lacked jurisdiction. Second, he was denied effective assistance of counsel when his trial attorney failed to investigate, develop, and pursue the defense that Jeffrey A. Brown ("Brown") was solely responsible for killing Steve and Diane Francis. Henderson buttressed the claim by alleging that Rick Payne and Kenneth Johnson ("Johnson"), while confined in the Clark County Jail, heard Brown confess to acting alone in killing Steve and Diane Francis. United States District Judge Kristine G. Baker adopted the undersigned's report and recommendation and dismissed 4:21-cv-00096-KGB in August of 2022. Judge Baker found that Henderson's petition in that case was barred by the applicable statute of limitations, and there was no reason for tolling the limitations period or otherwise ignoring its expiration. With regard to Henderson's assertion of actual innocence, Judge Baker found that Brown, Rick Payne, and Johnson's statements did not constitute new, reliable evidence of actual innocence. Judge Baker denied a certificate of appealability, and Henderson did not appeal the denial of the certificate.

Henderson then began this case in October of 2023 by filing the petition at bar. A brief summary of the claims contained in the petition is difficult. The summary offered by respondent Dexter Payne is a reasonable one, and it is as follows:

> ... While Henderson notes a lot of constitutional claims in his petition—he cites the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments—as best Respondent can decipher Henderson's primary claims are: (1) his rights were violated when he was retried after his conviction was reversed on appeal from his first trial; and (2) his trial counsel was ineffective for failing to call a witness who could establish his innocence. ...

See Docket Entry 7 at CM/ECF 4. As a part of the second claim, Henderson maintained that had his trial attorney thoroughly investigated Brown and the statements he made while incarcerated in the Clark County Jail, the outcome of the trial would have been different. Henderson appeared to acknowledge that his petition was untimely but asked that its untimely filing be excused for a variety of medical-related reasons.

Respondent Dexter Payne filed a response to the petition. In the response, he maintained that the petition should be dismissed for reasons that include the following: the petition at bar is a second or successive petition, and Henderson failed to obtain authorization to file the petition from the Court of Appeals.

Before giving serious consideration to Dexter Payne's assertion, the Court accorded Henderson an opportunity to file a reply and explain why the petition should not be dismissed. The deadline for filing a reply has now passed, and Henderson filed nothing.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" is a term of art and not every petition that is second in time requires authorization. See Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [...] authorization." See Id. at 853.

The petition at bar is Henderson's second challenge to his February 1984 conviction by means of a petition pursuant to 28 U.S.C. 2254. The question is whether he was required to obtain authorization from the Court of Appeals before filing his petition. For the reasons that follow, the undersigned finds that he must comply with the authorization requirement before his petition can be considered.

First, Henderson has known of the factual predicate of his first claim—his rights were violated when he was retried after his first conviction was reversed on appeal—since at least February of 1984. It was during that month and year he was tried a second time for killing Steve and Diane Francis.

Second, although it is possible that Henderson may not have known of his second claim—his trial attorney was ineffective for failing to call a witness who could establish Henderson's innocence—until after his second trial, he certainly knew of the claim when he filed 4:21-cv-00096-KGB in February of 2021. He raised the same, or substantially similar, claim in that case. To the extent his second claim is new, new claims based on new evidence cannot be raised in a second or successive habeas petition without authorization from the Court of Appeals. See Caroon v. Hammer, No. 13-1646-MJD-FLN, 2013 WL 5359559 (D. Minn. Sept. 24, 2013).

Third, the undersigned accepts Henderson's representation that he has suffered from a number of physical impairments. He has failed to show, though, that the impairments were so severe he could not have presented his claims at bar at any time prior to the filing of this petition. The impairment certainly did not prevent him from presenting his claims in 4:21-cv-00096-KGB.

Fourth, the undersigned is not persuaded that an assertion of actual innocence can excuse compliance with the authorization requirement. An actual innocence exception to 28 U.S.C. 2244(b)(3)(A) would "nearly eviscerate" the requirement, "as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition [...]" See Pawliszko v. Dooley, No. 15-3994-ADM-JSM, 2015 WL 9312526, 2 (D. Minn. Nov. 30, 2015), report and recommendation adopted, No. 15-3994-ADM, 2015 WL 9294350 (D. Minn. Dec. 12, 2015) (emphasis in original). See also Solomon v. State of Arkansas, No. 5:15-cv-05304-TLB, 2016 WL 3945739 (W.D. Ark. July 19, 2016). "In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a prerequisite to certification by an appellate court; it is not an exception to certification." See Pawliszko v. Dooley, 2015 WL 9312526, 2 (emphasis in original).

Fifth, the undersigned assumes, without deciding, that a trial attorney's ineffective representation might excuse compliance with the authorization requirement. Here, though, counsel's ineffectiveness did not prevent Henderson from discovering the factual predicate of his claims at bar and presenting them in 4:21-cv-00096-KGB.

The undersigned finds that the petition at bar is a second or successive petition, and Henderson was required, but failed, to obtain authorization from the Court of Appeals to file the petition. It is therefore recommended that his petition be dismissed without prejudice. Henderson must seek, and obtain, authorization from the Court of Appeals before his petition can be considered. All requested relief should be denied, and judgment should be entered for Payne. A certificate of appealability should also be denied. See 28 U.S.C. 2253.

DATED this 15th day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE